UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE DESIGNS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>WINDCATCHER TECHNOLOGY LLC,<br><br>Defendant. | No. 2:15-cv-01310<br><br>**COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE, AND DECLARATORY JUDGMENT**<br><br>JURY TRIAL DEMANDED |

Cascade Designs, Inc. ("CDI") states the following facts in support of its Complaint against Windcatcher Technology LLC ("Windcatcher").

### THE PARTIES

1. Plaintiff Cascade Designs Inc. is a corporation organized and existing under the laws of Washington and having its principal place of business in Seattle, Washington.

2. Upon information and belief, Defendant Windcatcher Technology LLC is a corporation organized and existing under the laws of Oregon and having its principal place of business in Portland, Oregon.

### JURISDICTION AND VENUE

3. This civil action arises in part under the Patent Laws of the United States, 35 U.S.C § 1, *et. seq*. Accordingly, this Court has original subject matter jurisdiction under

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51464639.3

28 U.S.C. §§ 1331 and 1338(a) and (b). This Court also has jurisdiction under 15 U.S.C. § 1121 because this action arises in part under the Lanham Act. This Court further has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, because an immediate and substantial controversy exists between CDI and Windcatcher regarding whether CDI infringes any valid claim of U.S. Patent No. 8,978,693, whether CDI's actions constitute trade dress infringement, and whether CDI's actions constitute theft of trade secrets. This Court also has supplemental jurisdiction over CDI's state law claims under 28 U.S.C. § 1367(a).

4. Windcatcher is subject to this Court's personal jurisdiction pursuant to due process and the Washington Long Arm Statute, having made allegations against CDI in this District, and because CDI's alleged actions – which actions Windcatcher falsely claims constitute patent infringement, trade dress infringement, and theft of trade secret(s) – all occur in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTUAL BACKGROUND

6. CDI, a private, family-owned company, was founded in 1972 by engineers who were also avid backpackers. Throughout its existence, CDI has been a leader and innovator in the field of outdoor recreation products.

7. CDI offers almost 1,000 individual products, most of which require sophisticated, proprietary, innovative solutions to that help outdoor recreationalists enjoy outdoor activities. CDI's brands include the world famous Therm-A-Rest® brand of sleeping mats, MSR® branded camping stoves, and many other products. These products are designed by the very best

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

engineers making outdoor gear; CDI's engineers are professionally accomplished, extensively educated and highly trained – but they also bring long, rich, and deep experience in the outdoors to their design tasks.

8. Because of its dedication to engineering and innovation in outdoor products, CDI devotes substantial resources to developing new intellectual property; indeed, CDI is known as an innovator in the field of outdoor recreational products. CDI also respects all intellectual property rights of other companies in the field.

9. CDI showcases its expertise at the Summer Outdoor Retailer convention in Salt Lake City, Utah. The Outdoor Retailer convention brings over 2,000 exhibitors to display the newest and best outdoor products to potential buyers. Buyers include large retail outdoor chains, most of which carry many of CDI's products. This is arguably the biggest convention in the industry; corporate reputations are earned, cemented, and lost at the Outdoor Retailer convention.

10. CDI's engineers recently developed the NeoAir Camper SV sleeping mat. The NeoAir Camper SV mat was developed as a result of years of research and development by CDI's dedicated Therm-a-Rest design team. The Camper SV mattress features a unique single one-way valve that, in addition to using the breath of the user, entrains ambient air from the environment to quickly blow up the sleeping pad.

11. Upon information and belief, Windcatcher has one product: allegedly the commercial embodiment of U.S. Patent No. 8,978,693 B2 ("the '693 Patent"). Windcatcher disclosed this as early as May 2013, when a video of its product was placed on the internet for

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51464639.3

crowd-funding purposes: https://www.kickstarter.com/projects/1484284472/windcatcher-inflates-in-seconds-with-no-power-or-p/description.

12. The Kickstarter link was publicly available to anyone on the internet, and showed that Windcatcher uses a one-way valve that quickly inflates and deflates a sleeping pad. It also shows how Windcatcher keeps its valve closed in its sleeping pad and describes the general principles behind the idea for the valve.

13. Windcatcher filed in the United States Patent Office on October 29, 2013. Windcatcher's '693 Patent has inarguably profoundly narrow patent claims because Windcatcher's "new idea" is, and was – excepting the issued narrow patent claims ---simply not new. Indeed, the face of the patent shows that roughly 100 different patents were cited by the Patent Office during the course of prosecution of the patent, 20 patents of which were expressly cited by the USPTO's Examining Attorney – and three of those cited were more than 45 years old. Even a cursory review of the file history shows how difficult it was for Windcatcher to convince the Patent Office that it's invention is "new."

14. During the 2013 Summer Outdoor Retailer convention at the beginning of August 2013, representatives for Windcatcher approached CDI asking CDI if it was interested in licensing and distributing the Windcatcher product.

15. Windcatcher's idea was neither new, nor novel, and was obvious to those skilled in the art of inflatable objects.

16. After the initial contact at the 2013 Outdoor Retailer convention, CDI and Windcatcher entered into an NDA in August 2013 to further discuss potential benefits of working together. After the NDA was executed, Windcatcher did give CDI two pieces of

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

information under the NDA that it did not previously, but neither piece of information related to the overall general design of Windcatcher's valve.

17. At the 2015 Summer Outdoor Retailer convention, CDI featured its NeoAir Camper SV mattress. Upon information and belief, at the same time a representative from Windcatcher distributed a flyer at the Outdoor Retailer convention. The flyer distributed by Windcatcher, or its representatives, is attached to the Complaint as **Exhibit A.**

18. Exhibit A accuses CDI of breaching Windcatcher's "IP rights" and an NDA. The flyer further states "SALE OF ANY INFRINGING PRODUCT IS A VIOLATION OF US LAW and will be subject to the injunctions we will be filing this year, to prevent the sale of these knock-offs." It goes on to list only two entities that allegedly have a license from Windcatcher and directs the reader to only buy from those entities.

19. Exhibit A was distributed to the public, including to actual and prospective customers of CDI.

20. Upon information and belief, Windcatcher knew that it gave Exhibit A to actual and potential customers of CDI.

21. Upon information and belief, an employee, representative and/or agent of Windcatcher also made multiple social media postings accusing CDI of stealing technology from Windcatcher, infringing multiple unnamed Windcatcher patents, violating an NDA, and accusing CDI of illegally using a Windcatcher invention. These statements were directed to the public, including to publications and reviewers that feature outdoor recreational products. These statements were also accessible to any actual or potential CDI customer. Samples of this social media campaign are attached as **Exhibit B**.

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

22. Upon information and belief, the accusations made by Windcatcher and its agents or representatives have caused actual or potential customers of CDI to cancel or delay expected sales of CDI products.

23. Windcatcher's statements regarding CDI's products are not in furtherance of, or incidental to, any pending litigation.

24. Upon information and belief, Windcatcher knew that the statements made about CDI's products were not in furtherance of, or incidental to, any pending litigation.

25. Upon information and belief, Windcatcher made the statements to harm CDI's sales.

26. The statements made by Windcatcher about CDI's products are not true. CDI's products do not infringe any valid patent owned by Windcatcher, do not violate any other rights of Windcatcher's, and do not violate the NDA between Windcatcher and CDI. CDI did not use any information given under the NDA with Windcatcher to develop any of its own products.

27. Upon information and belief, Windcatcher accuses CDI of patent infringement because CDI's product uses a similar idea to Windcatcher's. Upon information and belief, Windcatcher's argument shows that it believes it can patent an entire idea and the principles of physics behind the idea.

28. On August 7, 2015, Windcatcher delivered a letter to CDI accusing CDI of using Windcatcher's "trade secrets and other proprietary information" in developing CDI's NeoAir Camper SV. The letter also accuses CDI of copying "Windcatcher's trade dress in connection with an identical product [that] will create a likelihood of confusion as to source, sponsorship and approval." The letter is attached as **Exhibit C**.

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

**COUNT I: DECLARATORY JUDGMENT OF NO-INFRINGEMENT OF U.S. PATENT NO. 8,978,693**

29. CDI incorporates by reference the allegations in the paragraphs above.

30. An actual and justiciable controversy exists between CDI and Windcatcher regarding whether CDI infringes the '693 Patent.

31. CDI does not infringe, the '693 Patent, either directly, indirectly, literally, pursuant to the doctrine of equivalents, or via other legally recognized theory of infringement.

32. This is an exceptional case under 35 U.S.C. § 285 because no reasonable person could possibly believe that the CDI infringes the '693 Patent via any legally recognized theory of infringement, and any allegation to the contrary could not have been made in good faith.

**COUNT II: DECLARATORY JUDGMENT OF NO-INFRINGEMENT OF TRADE DRESS**

33. CDI incorporates by reference the allegations in the paragraphs above.

34. An actual and justiciable controversy exists between CDI and Windcatcher regarding whether the Windcatcher product has protectable trade dress, and whether CDI infringes any protectable trade dress should one be identified.

35. Upon information and belief, Windcatcher's product is designed to be functional and all aspects were chosen for functional reasons. Accordingly, Windcatcher's product lacks any protectable packing and/or product trade dress under 15 U.S.C. § 1052(e)(5).

36. The alleged packing and product design of Windcatcher's product has no secondary meaning.

37. To the extent that Windcatcher does have any non-functional, protectable aspects of its product or product packaging to obtain trade dress protection, there is no likelihood of confusion between those non-functional, protectable aspects and any CDI product.

COMPLAINT FOR UNFAIR COMPETITION,
TRADE LIBEL, TORTIOUS INTERFERENCE AND
DECLARATORY JUDGMENT - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51464639.3

### COUNT III: DECLARATION THAT CDI'S ACTIONS DO NOT CONSTITUTE THEFT OF TRADE SECRETS

38. CDI incorporates by reference the allegations in the paragraphs above.

39. An actual and justiciable controversy exists between CDI and Windcatcher regarding whether CDI's actions constitute theft of trade secrets from Windcatcher.

40. Windcatcher disclosed its product to the public and to CDI prior to entry of any NDA between CDI and Windcatcher.

41. All information used by CDI in the design of its products, including the NeoAir Camper SV, was created by CDI from publicly available non-confidential material.

42. Upon information and belief, the information Windcatcher believes is a trade secret was not kept secret through any reasonable precautions by Windcatcher.

43. Upon information and belief, the information Windcatcher believes is a trade secret was disclosed to the public by Windcatcher or was otherwise publicly available from other sources.

### COUNT IV: LANHAM ACT UNFAIR COMPETITION

44. CDI incorporates by reference the allegations in the paragraphs above.

45. CDI and Windcatcher are competitors in the outdoor recreational product market.

46. Windcatcher's statements that CDI's products, including the NeoAir Camper SV, infringe Windcatcher's alleged intellectual property and that CDI's products are thefts of Windcatcher's products are false or misleading statements of fact.

47. Windcatcher's statements are likely to cause confusion or deceive the public regarding the quality of CDI's products, whether CDI needs Windcatcher's permission to sell its products, including the NeoAir Camper SV, and whether buying such products is legal.

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

48. Windcatcher's deceptive statements caused damage to CDI including, but not limited to, damage to CDI's profits, reputation, contracts, business, business relationships, or business expectancies.

## COUNT V: TRADE LIBEL

49. CDI incorporates by reference the allegations in the paragraphs above.

50. Windcatcher made unprivileged false or misleading statements concerning its intellectual property rights alleging that CDI's products are violations of Windcatcher's alleged rights.

51. Windcatcher's statements were communicated to CDI's actual or potential customers.

52. Windcatcher is at fault for such statements, and the statements were made at a time when it knew or should have known that its claims were false.

53. Upon information and belief, Windcatcher intended to prevent sales of CDI products by such false statements.

54. Windcatcher's statements caused damage to CDI including, but not limited to, damage to CDI's profits, reputation, contracts, business, business relationships, or business expectancies.

## COUNT VI: TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

55. CDI incorporates by reference the allegations in the paragraphs above.

56. CDI has valid business expectancies with retailers who agreed to purchase CDI's products, including the NeoAir Camper SV.

57. Upon information and belief, Windcatcher had knowledge of these expectancies.

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

58. Upon information and belief, Windcatcher intentionally and knowingly contacted actual and prospective customers of CDI through the flyer distributed at the Outdoor Retailer convention, through social media postings, and through possible other direct contacts.

59. Windcatcher made these statements to the general public, including to actual and prospective customers of CDI and to retailers who have not sold CDI products.

60. Windcatcher's statements caused damage to CDI including, but not limited to, damage to CDI's profits, reputation, contracts, business, business relationships, or business expectancies.

### PRAYER FOR RELIEF

WHEREFORE, CDI Designs, Inc. respectfully requests this Court to:

A. Enter judgment that Windcatcher's actions constitute unfair competition;

B. Enter judgment that Windcatcher's actions constitute trade libel;

C. Enter judgment that Windcatcher's actions constitute tortious interference with a business expectancy;

D. Enter judgment that CDI does not infringe any valid claim of the '693 Patent;

E. Enter judgment that CDI does not infringe any protectable trade dress of Windcatcher;

F. Enter judgment that CDI has not committed any violation of the Washington Trade Secret Act;

G. Award CDI damages, in an amount to be determined at trial, together with interest and costs as fixed by this Court;

H. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of CDI's attorneys' fees and costs; and

COMPLAINT FOR UNFAIR COMPETITION,
TRADE LIBEL, TORTIOUS INTERFERENCE AND
DECLARATORY JUDGMENT - 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3

I.   Grant CDI such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, CDI requests a trial by jury of any issues so triable by right.

DATED this 17th day of August, 2015.

*s/Douglas A. Grady*
Douglas A. Grady, WSBA #36100
Benjamin J. Hodges, WSBA #49301
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: gradd@foster.com
       hodgb@foster.com

Attorneys for Plaintiff Cascade Designs, Inc.

COMPLAINT FOR UNFAIR COMPETITION, TRADE LIBEL, TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51464639.3