UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE DESIGNS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WINDCATCHER TECHNOLOGY LLC,<br><br>　　　　　Defendant. | C15-1310 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss Defendant's counterclaims (docket. no. 14). Having reviewed the applicable pleadings, the Court enters the following order.

**<u>Background</u>**

Windcatcher Technology, LLC ("Windcatcher") developed a technology for the rapid inflation and deflation of inflatable devices. Windcatcher first incorporated its technology into an inflatable sleeping pad, the AirPad, in 2013. Answer & Countercl. at ¶ 8 (docket no. 12 at 12). Using a Kickstarter campaign to fund its initial operations, Windcatcher raised almost $150,000 from nearly 1,500 customers, and sold all of its available inventory for its first generation product. *Id.* at ¶ 9.

ORDER - 1

On August 14, 2013, Cascade Designs Inc. ("Cascade") entered into a mutual non-disclosure agreement with Windcatcher (the "NDA"). The NDA provided that the parties were permitted to use any disclosed information "only in pursuance of its business relationship with the Disclosing Party." Mutual Nondisclosure Agr. at 1, Ex. 1 to Weeks Decl. (docket no. 17-1 at 5). Windcatcher alleges that Cascade used technical information disclosed by Windcatcher to jump-start its own product line, and launched the NeoAir Camper SV, a competing inflatable sleeping pad. Answer & Countercl. at ¶ 37 (docket no. 12 at 18-19).

In August 2015, at the Summer Outdoor Retailer Convention, Windcatcher and its CEO allegedly distributed flyers to retail buyers claiming that Cascade had "stolen" Windcatcher's technology and retailers would "be subject to injunctions" that Windcatcher planned to file later that year. Mot. to Dismiss at 2 (docket no. 14). Thereafter, Cascade filed a complaint which included claims of unfair competition under the Lanham Act, trade libel, tortious interference, and declaratory judgments of non-infringement of Windcatcher's patent and trade dress (*see generally*, docket no. 1). Windcatcher has counterclaimed for (1) trade dress infringement of the AirPad product design; (2) Washington trade secret misappropriation; and (3) a breach of contract of the NDA. Answer & Countercl. at ¶¶ 28-43 (docket no. 12 at 17-20).

**Discussion**

   A. **Standard of Review**

In ruling on a 12(b)(6) motion to dismiss, the Court must assume the truth of a claimant's allegations and draw all reasonable inferences in that party's favor.

ORDER - 2

*Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1206 (W.D. Wash. 2013). However, a court need not accept as true allegations that are contradicted by judicially noticeable facts. *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000). Additionally, in deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond a party's complaint to matters of public record. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

To move beyond a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the claimant "pleads factual content that allows the court to draw the reasonable inference" that a party is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). If the Court dismisses a claim, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B. <u>Motion to Dismiss Trade Dress Infringement (First Claim)</u>**

To recover for trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a party must show that (1) the design in question is nonfunctional, (2) the design is inherently distinctive or acquired distinctiveness through a secondary meaning, and (3) that another product or service creates a likelihood of consumer

ORDER - 3

confusion.  *See Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998).

In evaluating whether trade dress is functional, the Court considers the following four factors:

> (i) the existence of an existing or expired utility patent or other evidence indicating that the design yields a utilitarian advantage; (ii) the availability of alternative designs; (iii) the extent of advertising touting the utilitarian aspects of the design; and (iv) the comparative ease and expense associated with manufacturing the design.

*Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1059 (W.D. Wash. 2010) aff'd, 432 F. App'x 963 (Fed. Cir. 2011)(citing *Clamp Mfg. Co. v. Enco Mfg. Co.*, 870 F.2d 512, 516 (9th Cir.1989)).

Defendant's only claim of a purported trade dress of its AirPad design is descriptions of the overall layout and individual components of the product.[1]  Moreover, defendant has filed a patent on its design (docket no. 12 at 3), and has not pled a lack of utilitarian advantage, the availability of alternative designs, nor any attributes of manufacturing costs related to its design that would lead to an inference of non-functionality.  As such, defendant has not met its burden in pleading its first counterclaim under the Lanham Act.

---

[1] Windcatcher claims that the elements of the AirPad trade dress include: (1) an inflatable rectangular mattress; (2) a wide-mouth, rectangular inflation chamber protruding from the narrow end of the mattress and oriented such that its long edges are parallel to the long edges of the mattress body; and (3) a traditional valve located in the corner of the mattress next to the inflation chamber. Answer & Countercl. at ¶ 13(docket no. 12 at 13-14).

ORDER - 4

The Court GRANTS plaintiff's motion to dismiss defendant's first counterclaim, docket no. 14, without prejudice.

C. **Motion to Dismiss Misappropriation of a Trade Secret (Second Claim)**

A party asserting a trade secret claim bears the burden of "proving that legally protectable secrets exist." *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49 (1987). The Washington Uniform Trade Secrets Act ("WUTSA") defines a trade secret as information that has independent economic value, is not generally known, and is the subject of reasonable efforts to maintain its secrecy. RCW 19.108.010(4). For trade secrets to exist, they must not be "readily ascertainable by proper means" from some other source, including the product itself. RCW 19.108.010(4)(a). A "vague description" of the product at issue without identification of what components are protected by trade secrets is insufficient to survive a motion to dismiss. *Baden Sports, Inc. v. Wilson Sporting Goods Co.*, C11-0603-MJP, 2011 WL 3158607, at *2 (W.D. Wash. July 26, 2011) (pleadings are not adequate to survive a 12(b)(6) motion when a party does not specify in its complaint which components, or combination of components, of a device are protected trade secrets).

While defendant's pleadings point to general categories in which it alleges trade secret misappropriation,[2] it fails to clarify what specific components of the AirPad design, manufacture, and sale are protected by trade secrets. Additionally, as defendant

---

[2] Defendant characterizes the trade secrets at issue as "confidential and proprietary scientific, technical, and business information concerning devices and methods for rapidly inflating and deflating inflatable products, including sleeping pads for outdoor or recreational use." Answer & Countercl. at ¶ 37 (docket no. 12 at 18-19).

ORDER - 5

filed a patent application to protect its functional design, U.S. Patent No. 8,978,693 (docket no. 12 at 2-3), significant information regarding the AirPad design is available in the public record.  Moreover, defendant has made information relating to the design of the AirPad available for public consumption on its Kickstarter Page.  Answer & Countercl. at ¶ 11 (docket no. 12 at 2-3).  Because defendant fails to plead the details about its AirPad design that make it a trade secret, defendant does not meet the pleading requirements for this claim.

The Court GRANTS plaintiff's motion to dismiss defendant's second counterclaim, docket no. 14, without prejudice.

D. **Motion to Dismiss Breach of Contract (Third Claim)**

Under Washington law, a breach of contract claim requires a showing of "(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of the breach." *Myers v. State*, 152 Wn.App. 823, 827-828 (2009).  In the context of a non-disclosure agreement, a complaint must "identify the confidential information that was allegedly disclosed" to survive a 12(b)(6) motion.  *Strich v. Accelitec, Inc.*, 2013 WL 5969848 at *1 (W.D. Wash. Nov. 8, 2013).

While defendant identified the duty imposed by its mutual NDA with plaintiff (docket no. 12 at 19) and alleged a breach of that duty (*Id.*), defendant's failure to more specifically identify what "trade secrets" or "confidential and proprietary information" plaintiff allegedly misappropriated is fatal to its present claim.

The Court GRANTS plaintiff's motion to dismiss defendant's third counterclaim, docket no. 14, without prejudice.

### E. Leave to Amend

The Court GRANTS defendant leave to amend its pleadings within 30 days of this order.

### Conclusion

For the foregoing reasons, the motion to dismiss brought by plaintiff Cascade Designs, docket no. 14, is GRANTED. The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 1st day of February, 2016.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge